60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Henry JOHNSON, Defendant-Appellant.
 No. 94-7504.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 11, 1995.
Decided: July 7, 1995.
 
 Thomas Kieran Maher, Rudolph & Maher, Chapel Hill, NC, for Appellant. David Bernard Smith, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Henry Johnson appeals from a district court order adopting a magistrate judge's recommendation that his 28 U.S.C. Sec. 2255 (1988) motion be denied. Johnson did not appeal an earlier order dismissing part of the Sec. 2255 motion, he could not raise any issues from that order, however, as he filed no objection to the prior magistrate judge's recommendation. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985). We affirm the district court's order.
 
 
 2
 Johnson's claims of error in setting the amount of drugs at sentencing and his appellate counsel's failure to raise the issue on direct appeal merge into one issue for this appeal. If Johnson cannot show that his attorney was ineffective for failing to raise this issue, he cannot show prejudice by the failure of counsel to bring the issue on direct appeal, and consideration of the underlying claim is barred. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (nonconstitutional issues waived for failure to be brought on appeal); cf. United States v. Frady, 456 U.S. 152, 167-68 (1982) (circumventing similar bar to failure to object to constitutional issues at trial).
 
 
 3
 After a hearing the magistrate judge recommended that the Sec. 2255 motion be denied. The magistrate judge found that Johnson's appellate counsel made a reasoned, professional judgment that the issue of how much crack cocaine should have been attributed to Johnson was not a viable one for appeal. One of Johnson's co-defendants, however, raised the issue of whether the district court made proper findings with regard to the amount of drugs to be attributed to her, and this Court vacated her sentence. United States v. Johnson, 943 F.2d 383, 388 (4th Cir.), cert. denied, 502 U.S. 1017 (1991). As the magistrate judge pointed out below, however, there was a significant difference between that co-defendant's situation and Johnson's. In addition to the 500-gram approximation of drug amount that constituted the sole amount attributed to the co-defendant, Johnson's pre-sentence report revealed a 221-gram amount actually possessed by Johnson.
 
 
 4
 If the district court relies on an approximation that a defendant is responsible for 500 grams of crack cocaine, without conducting fac tual findings, there is a risk that the defendant will be improperly sentenced in the range applicable to distributors of 500 to 1500 grams of crack, rather than in the more lenient range for distributors of less than 500 grams. Johnson, 943 F.2d at 388; United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c) (Nov.1993). Here, however, that concern does not apply. Even if the 500 gram approximation was inaccurate, the additional 221 grams of crack cocaine possessed by Johnson put him squarely in the higher sentencing guidelines range. Thus, even though the district court probably erred by not making findings with regard to drug amount in Johnson's sentencing, the error was harmless.
 
 
 5
 Even if the error were not harmless, counsel made a reasonable, professional judgment that the error was not worth raising on appeal. We agree with the magistrate judge and district court that the decision was not incompetent. Because Johnson did not show that his counsel's representation fell below an objective standard of conduct, he has not satisfied the first prong of the Strickland v. Washington test and his claim of ineffective assistance of counsel must fail. We, therefore, affirm the district court's adoption of the magistrate judge's recommendation that Johnson's Sec. 2255 motion be denied.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED